JOHN H. DONBOLI (SBN: 205218)
JL SEAN SLATTERY (SBN: 210965)
DEL MAR LAW GROUP, LLP
322 Eighth Street, Suite 101
Del Mar, CA 92014
Telephone: (858) 793-6244
Facsimile: (858) 793-6005

Attorneys for Plaintiff: BLAKE STEWART

FILED
07 APR -5 PM 3:37
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLAKE STEWART, an individual and on behalf of all similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>MARIE CALLENDER PIE SHOPS, INC., a California Corporation, and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO. 07 CV 0619 J LSP<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR VIOLATIONS OF FEDERAL FAIR CREDIT REPORTING ACT (FCRA)**<br><br>[15 U.S.C. § 1681 et seq.]<br><br>**DEMAND FOR JURY TRIAL**<br>**[FRCP 38]** |

COMES NOW, plaintiff BLAKE STEWART ("Plaintiff"), as an individual and on behalf of all others similarly situated, by his undersigned attorneys, alleges as follows:

### INTRODUCTION

1. In 2003, Congress passed and the President signed, the Fair and Accurate Transactions Act ("FACTA") to assist in the prevention of identity theft and credit and debit card fraud. In the statement provided by the President during the signing of the bill, the President declared that:

> "This bill also confronts the problem of identity theft. A growing number of Americans are victimized by criminals who assume their identities and cause havoc in their financial affairs. With this legislation, the Federal Government is protecting our citizens by taking the offensive against identity theft."

///

2. A main provision of FACTA (codified as 15 U.S.C. § 1681c(g) of the Fair Credit Reporting Act), provides that:

> "**No person** accepts credit cards or debit cards for the transaction of business **shall print more than the last 5 digits of the card number <u>or</u> the expiration date upon any receipt provided to the cardholder** at the point of the sale or transaction."

3. The law gave merchants who accept credit and/or debit cards up to three years to comply with its requirements, requiring full compliance with its provisions no later than December 4, 2006. Although defendant MARIE CALLENDER PIE SHOPS, INC. ("Marie Callender") had up to three years to comply, Marie Callender apparently elected not to comply and is now in willful violation of this law. In doing so, Marie Callender failed to protect Plaintiff and others similarly situated against identity theft and credit and debit card fraud by continuing to print more than the last five digits of the card number and or the expiration date on receipts provided to debit card and credit card cardholders transacting business with Marie Callender.

4. Plaintiff, on behalf of himself and all others similarly situated, brings this action against Marie Callender based on violations of 15 U.S.C. §§ 1681 *et seq*.

5. Plaintiff seeks, on behalf of himself and the class, statutory damages, punitive damages, costs and attorneys fees, all of which are expressly made available by statute, 15 U.S.C. §§ 1681 *et seq*.

## JURISDICTION AND VENUE

6. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

7. Plaintiff's claims asserted herein arose in this judicial district and all Defendants do business in this judicial district.

8. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(b), 1391(c) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

///

CLASS ACTION COMPLAINT FOR DAMAGES

## PARTIES

9. Plaintiff, BLAKE STEWART, is and at all times relevant hereto was a resident of the State of California and the County of San Diego.

10. Defendant MARIE CALLENDER PIE SHOP, INC. ("Marie Callender") is a corporation organized and existing under the laws of the State of California, with its principal executive offices in Aliso Viejo, California. Marie Callender operates a chain of restaurants under the Marie Callender's name that offers food products for sale to the general public. As of the date of filing of this Complaint, Marie Callender operated 139 Marie Callender's restaurants in 10 different states.

11. Plaintiff does not know the true names and capacities of defendants sued herein as DOES 1 through 100, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff is informed and believes that each of the DOE defendants was in some manner legally responsible for the wrongful and unlawful conduct and harm alleged herein. Plaintiff will amend this Complaint to set forth the true names and capacities of these defendants when they have been ascertained, along with appropriate charging allegations. Marie Callendar and DOES 1 through 100 are collectively hereinafter referred to as "Defendants."

12. At all times mentioned in this Complaint, Defendants and each of them were the agents, employees, joint venturer, and or partners of each other and were acting within the course and scope of such agency, employment, joint venturer and or partnership relationship and or each of the Defendants ratified and or authorized the conduct of each of the other Defendants.

## CLASS ACTION ALLEGATIONS

13. Plaintiff brings this class action on behalf of himself and all other persons similarly situated pursuant to Rules 23(a) and 23(b)(1)-23(b)(3) of the Federal Rules of Civil Procedure.

14. The class which Plaintiff seeks to represent is defined as:

> All persons in the United States to whom, on or after December 4, 2006, Defendants provided an electronically printed receipt at the point of a sale or transaction on which

Defendants printed more than the last five digits of the person's credit card or debit card number and/or printed the expiration date of the person's credit or debit card ("PLAINTIFF CLASS").

15. Excluded from the PLAINTIFF CLASS are Defendants and their directors, officers and employees.

16. <u>Numerosity</u> (Fed. R. Civ. P. 23(a)(1)): The PLAINTIFF CLASS is so numerous that joinder of all individual members in one action would be impracticable. The disposition of their claims through this class action will benefit both the parties and this Court.

17. Plaintiff is informed and believes and thereon alleges that there are, at a minimum, thousands (i.e. two thousand or more) of members that comprise the PLAINTIFF CLASS.

18. The exact size of the PLAINTIFF CLASS and identities of individual members thereof are ascertainable through Defendants' records, including but not limited to Defendants' sales and transaction records.

19. Members of the PLAINTIFF CLASS may be notified of the pendency of this action by techniques and forms commonly used in class actions, such as by published notice, e-mail notice, website notice, first class mail, or combinations thereof, or by other methods suitable to this class and deemed necessary and/or appropriate by the Court.

20. <u>Typicality</u> (Fed. R. Civ. P. 23(a)(3)): Plaintiff's claims are typical of the claims of the entire PLAINTIFF CLASS. The claims of Plaintiff and members of the PLAINTIFF CLASS are based on the same legal theories and arise from the same unlawful conduct.

21. Plaintiff and members of the PLAINTIFF CLASS were each customers of Defendants, each having made a purchase or transacted other business with Defendants on or after December 4, 2006 using credit and or debit card. At the point of such sale or transaction with Plaintiff and members of the PLAINTIFF CLASS, Defendants provided to Plaintiff and each member of the PLAINTIFF CLASS a receipt in violation of 15 U.S.C. § 1681 c(g) (i.e., a receipt on which is printed the card expiration date and/or more than the last five digits of the

credit or debit card numbers).  The receipt provided to Marie Callender customers was in the form of purported "customer" and "merchant" copies of the receipt.

22. <u>Common Questions of Fact and Law</u> (Fed. R. Civ. P. 23(a)(2) and b(3)):  There is a well-defined community of interest and common questions of fact and law affecting the members of the PLAINTIFF CLASS.

23. The questions of fact and law common to the PLAINTIFF CLASS predominate over questions which may affect individual members and include the following:

 (a) Whether Defendants' conduct of providing Plaintiff and the PLAINTIFF CLASS with sales or transaction receipts whereon Defendants printed more than the last five digits of the credit card or debit card number and/or the expiration date of the credit or debit card violated the FACTA, 15 U.S.C. §§ 1681 *et seq.*;

 (b) Whether Defendants' conduct was willful;

 (c) Whether Plaintiff and the PLAINTIFF CLASS are entitled to statutory damages, punitive damages, costs and or attorneys' fees for Defendants' acts and conduct.

24. <u>Adequacy of Representation</u> (Fed. R. Civ. P. 23(a)(4)):  Plaintiff is an adequate representative of the PLAINTIFF CLASS because his interests do not conflict with the interests of the PLAINTIFF CLASS which Plaintiff seeks to represent.  Plaintiff will fairly, adequately, and vigorously represent and protect the interests of the PLAINTIFF CLASS and has no interests antagonistic to the PLAINTIFF CLASS.  Plaintiff has retained counsel who is competent and experienced in the prosecution of class action litigation.

25. <u>Superiority</u> (Fed. R. Civ. P. 23(a)(1) and 23(b)(3)):  A class action is superior to other available means for the fair and efficient adjudication of the claims of the PLAINTIFF CLASS.  While the aggregate damages which may be and if awarded to the PLAINTIFF CLASS are likely to be in the millions of dollars, the actual damages suffered by individual members of the PLAINTIFF CLASS are relatively small.  As a result, the expense and burden of individual litigation makes it economically infeasible and procedurally impracticable for each member of the PLAINTIFF CLASS to individually seek redress for the wrongs done to them. Plaintiff does not know of any other litigation concerning this controversy already commenced

1  by or against any member of the PLAINTIFF CLASS. The likelihood of individual
2  PLAINTIFF CLASS members prosecuting separate claims is remote. Individualized litigation
3  would also present the potential for varying, inconsistent or contradictory judgments, and would
4  increase the delay and expense to all parties and the court system resulting from multiple trials
5  of the same factual issues. In contrast, the conduct of this matter as a class action presents fewer
6  management difficulties, conserves the resources of the parties and the court system, and would
7  protect the rights of each member of the PLAINTIFF CLASS. Plaintiff knows of no difficulty
8  to be encountered in the management of this action that would preclude its maintenance as a
9  class action.

## FIRST CLAIM FOR RELIEF

**(Violation of 15 U.S.C. §§ 1681 et seq. on Behalf of Plaintiff and the PLAINTIFF CLASS as against all Defendants including DOES 1 through 100)**

26. Plaintiff hereby incorporates by reference allegations contained in paragraph 1 through 25 of this Complaint.

27. Plaintiff asserts this claim on behalf of himself and the PLAINTIF CLASS against Defendants and each of them.

28. Title 15 U.S.C. § 1681c(g)(1) provides that:

"**No person** that accepts credit cards or debit cards for the transaction of business **shall print more than the 5 digits of the card number or the expiration date upon any receipt provided to the cardholder** at the point of the sale or transaction."

29. By its express terms, 15 U.S.C. § 1681c(g)(1) applies to "any cash register or other machine or device that electronically prints receipts for credit card or debit card transactions" on or after December 4, 2006 (15 U.S.C. § 1681c(g)(3)).

30. Defendants transact business in the United States and accept credit cards and or debit cards in the course of transacting business with persons such as Plaintiff and members of the PLAINTIF CLASS. In transacting such business, Defendants use cash registers and or other machines or devices that electronically print receipts for credit card or debit card transactions.

31. On and or after December 4, 2006, Defendants, at the point of a sale or transaction with Plaintiff, provided Plaintiff with one or more electronically printed receipts on each of which Defendants printed more than the last five digits of Plaintiff's credit card or debit card number and/or the expiration date of Plaintiff's credit or debit card.

32. As set forth above, FACTA was enacted in 2003 and gave merchants who accept credit and/or debit cards up to three years to comply with its requirements, requiring full compliance with its provisions no later than December 4, 2006.

33. On information and belief, Defendants and each of them knew of and were informed about the law, including specifically FACTA's requirements concerning the truncation of credit and debit card numbers and prohibition on the printing of expiration dates. For example but without limitation, several years ago, VISA, MasterCard, the PCI Security Standards Council (a consortium founded by VISA, MasterCard, Discover, American Express and JCB), companies that sell cash register and other informed Defendants and each of them about FACTA, including its specific requirements concerning the truncation of credit and debit card numbers and prohibition on the printing of expiration dates, and Defendants' need to comply with same.

34. In addition, many companies such as VISA and MasterCard devised and implemented policies well before the operative date of FACTA's requirements, pursuant to which VISA, MasterCard and other required Defendants (and informed Defendants of the requirements) to truncate credit and debit card numbers and prevent the printing of expiration dates on receipts. For example, on March 6, 2003, VISA USA's CEO, Carl Pascarella, held a press conference on Capitol Hill with Senators Dianne Feinstein, Judd Gregg, Jon Corzine and Patrick Leahy, and publicly announced VISA USA's new truncation policy to protect consumers from identity theft. At the March 2003 press conference, Mr. Pascarella explained, as follows:

> "Today I am proud to announce an additional measure to combat identity theft and protect consumers. **Our new receipt truncation policy will soon limit cardholder information on receipts to the last four digits of their accounts. The card's expiration date**

     **will be eliminated from receipts altogether.** This is an added security measure for consumers that don't require any action by the cardholder. We are proud to be the first payments brand to announce such a move to protect cardholders' identities by restricting access to their account information on receipts. **The first phase of this new policy goes into effect July 1, 2003 for all new terminals.** I would like to add, however, that even before the policy goes into effect, **many merchants have already voluntarily begun truncating receipts, thanks to groundwork that we began together several years ago.** Receipt truncation is good news for consumers, and bad news for identity thieves. Identity thieves on discarded receipts and documents containing consumers' information such as payment account numbers, addresses, Social Security numbers, and more. Visa's new policy will protect consumers by limiting the information these thieves can access." (Statements made by VISA USA's CEO, Carl Pascarella at a March 6, 2003 press conference held at Capitol Hill with Senators Dianne Feinstein, Judd Gregg, Jon Corzine and Patrick Leahy.)

35. Despite knowing and being repeatedly informed about FACTA and the importance of truncating credit and debit card numbers and preventing the printing of expiration dates on receipts, and despite having had over three years to comply with FACTA's requirements, Defendants and each of them knowingly willfully, intentionally, and recklessly violated and continue to violate FACTA's requirements by, *inter alia,* printing more than the last five digits of the card number and or the expiration date upon the receipts provided to the cardholders with whom they transact business.

36. Defendants' business peers and competitors readily brought their credit and debit card receipt printing processes in compliance with FACTA's requirements by, for example,

**CLASS ACTION COMPLAINT FOR DAMAGES**

doing things such as programming their card machines and devices to prevent them from printing more than the last five digits of the card number and or the expiration date upon the receipts provided to the cardholders. Defendants could have readily done the same.

37. Instead, Defendants knowingly willfully, intentionally, and recklessly disregarded FACTA's requirements and continued to use cash registers and or other machines or devices that printed receipts in violation of FACTA.

38. Defendants knowingly, willfully, intentionally, and recklessly violated FACTA in conscious disregard of the rights of Plaintiff and the PLAINTIFF CLASS thereby exposing Plaintiff and the PLAINTIFF CLASS to an increased risk of identity theft and credit and or debit card fraud.

39. As a result of Defendants' willful violations of FACTA, Defendants are liable to Plaintiff and each member of the PLAINTIFF CLASS in the statutory damage amount of "not less than $100 and nor more than $1,000" for each violation. (15 U.S.C. § 1681n.)

40. Defendants' conduct is continuing and, unless restrained, Defendants will continue to engage in their unlawful conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and judgment against Defendants, as follows:

1. An order certifying the PLAINTIFF CLASS and appointing Plaintiff as the representative of the PLAINTIFF CLASS, and appointing the law firm representing Plaintiff as counsel for the PLAINTIFF CLASS;

2. An award to Plaintiff and the PLAINTIFF CLASS of statutory damages pursuant to 15 U.S.C. § 1681n for Defendants' willful violations;

3. An award to Plaintiff and the PLAINTIFF CLASS of punitive damages pursuant to 15 U.S.C. § 1681n;

4. Payment of costs of suit herein incurred pursuant to, *inter alia,* 15 U.S.C. § 1681n;

5. Payment of reasonable attorneys' fees pursuant to, *inter alia,* 15 U.S.C. § 1681n; and

6.  For such other and further relief as the Court may deem proper.

Dated: April 5, 2007                    DEL MAR LAW GROUP, LLP


By: _____
John H. Donboli
JL Sean Slattery
Counsel for Plaintiff: BLAKE STEWART
and all others similarly situated

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all claims so triable.

Dated: April 5, 2007                    DEL MAR LAW GROUP, LLP


By: _____
John H. Donboli
JL Sean Slattery
Counsel for Plaintiff: BLAKE STEWART
and all others similarly situated

-9-

CLASS ACTION COMPLAINT FOR DAMAGES

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I (a) PLAINTIFFS**
Blake Stewart, an individual and on behalf of all similarly situated,

**DEFENDANTS**
Marie Callender [illegible] a California Corporation and DOES 1 through 100, inclusive

FILED
07 APR -5 PM 2:38
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** Orange
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
JL Sean Slattery
John H. Donboli
Del Mar Law Group, LLP
322 Eighth St., Ste. 101
Del Mar, CA 92014  858.793.6244

**ATTORNEYS (IF KNOWN)**
'07 CV 0619 J   LSP

**II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)**

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)** (For Diversity Cases Only)

|  | PT | DEF |  | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. CAUSE OF ACTION** (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)
Violation of 15 U.S.C. §§1681; Title 15 U.S.C. §1681c(g)(1). Defendants printed more than the last 5 digits of Plaintiff's credit card

**V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)**

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury-Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC881 | PROPERTY RIGHTS | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment &Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 640 RR & Truck | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | PERSONAL PROPERTY | ☐ 650 Airline Regs | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | LABOR | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 720 Labor/Mgmt. Relations | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | FEDERAL TAX SUITS | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☒ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prisoner Conditions | | | |

**VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)**
☒ 1 Original Proceeding  ☐ 2 Removal from State Court  ☐ 3 Remanded from Appelate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:** ☒ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23
DEMAND $
Check YES only if demanded in complaint:
JURY DEMAND: ☒ YES  ☐ NO

**VIII. RELATED CASE(S) IF ANY (See Instructions):** JUDGE _____ Docket Number _____

DATE  4-5-07   SIGNATURE OF ATTORNEY OF RECORD [signature]

PAID $350 BH 4/5/07 RCPT#136827

::ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)

```
      UNITED STATES
      DISTRICT COURT
   Southern District of California
         San Diego Division

       # 136827 - A3
        April 5, 2007

 Code     Case #      Qty      Amount

 CV086900  3-07-CV-0619         60.00 CH
   Judge  - JONES
 CV510000                      190.00 CH
 CV086400                      100.00 CH


 Total->                       350.00


 FROM: CIVIL FILING
       STEWART V. MARIE CALLENDER'S
       BCH3947
       BH
```